U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG 01 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY
       SHREVEPORT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BELLE CHERRI LAND CO., INC.       CIVIL ACTION NO. 07-0846

versus      JUDGE HICKS

ESSEX INSURANCE CO.      MAGISTRATE JUDGE HORNSBY

## MEMORANDUM ORDER

Belle Cherri Land Co., Inc. filed suit in state court alleging that Essex Insurance Company had wrongfully denied its claim for a loss related to the theft of a tractor. Essex removed the case based on an assertion of diversity jurisdiction. The court has a duty, *sua sponte*, to ensure that there is an adequate basis for the exercise of subject matter jurisdiction. Essex has not yet alleged all of the facts necessary to make that determination, and it will be allowed until **August 24, 2007** to file an **Amended Notice of Removal** to address the issues discussed below.

The only substantive aspect of the Notice of Removal is the following sentence: "The grounds for removal are that Belle Cherri Land Co., Inc. (Belle Cherri) is a citizen of the State of Louisiana and Essex is a citizen of the State of Virginia and the amount in controversy is more than $75,000."

Essex, which has the burden of establishing a factual basis for subject matter jurisdiction, has not adequately alleged the citizenship of itself or Belle Cherri. A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the

state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). In order to adequately establish diversity jurisdiction, a complaint must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001); Getty Oil Corp. v. Insurance Company of North America, 841 F.2d 1254, 1259 (5th Cir. 1988). Essex can find the information regarding Belle Cherri's citizenship in the opening paragraph of the state court petition, and Essex should be well aware of the state in which Essex is incorporated and has its principal place of business. Essex need only plead those simple facts with particularity.

Essex makes a conclusory assertion that the amount in controversy is more than $75,000, but there are no facts on the face of the state court petition or provided in the Notice of Removal that satisfy Essex's burden with respect to this issue. See Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Essex presumably knows the amount of the claim that was submitted for the tractor at issue, and it should be simple enough to assert that or other information in the Notice of Removal that makes it more likely than not that in excess of $75,000 is in controversy. If the amount of the principal claim is not sufficient, the possible statutory penalties claimed by Belle Cherri may be taken into consideration. See

<u>Tillman v. Balboa Life & Casualty</u>, 2007 WL 1235437 (E.D. La. 2007). The court will review the case again after the deadline set forth above and determine whether Essex has satisfied its burden. If so, a scheduling conference will be set in due course.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 1st day of August, 2007.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE